**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BREONNA ANTHONY, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:21-cv-6322 |
| v. | |
| WALMART INC., | |
| Defendant. | |

## DEFENDANT WALMART INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walmart Inc. ("Walmart") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, as follows:

1. On October 21, 2021, Plaintiff Breonna Anthony ("Plaintiff") filed a putative class action complaint ("Complaint") against Walmart in the Circuit Court of Cook County, captioned *Anthony v. Walmart*, Case No. 2021CH05385 ("State Court Action").

2. Walmart was served with a copy of the Complaint on October 29, 2021.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Walmart was served with the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5. Plaintiff and the putative class allege that Walmart violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by requiring employees to use a fingerprint-based technology in Illinois for the purpose of tracking hours worked. (*See* Ex. 1,

Compl. ¶¶ 33–34, 44–46.)  Specifically, the Complaint alleges that Plaintiff "was required to scan her fingerprint each time she began and ended her workday, as well as each time she clocked in and out for breaks." (*Id.* ¶ 46.)  The alleged fingerprints are claimed to be biometric identifiers and/or biometric information under BIPA. (*E.g.*, *id.* ¶¶ 71–72.) The Complaint asserts that Walmart violated BIPA by (1) possessing the alleged fingerprints without first publishing a retention schedule and destruction guidelines for the supposed data (*id.* ¶¶ 68, 73–74); (2) collecting the alleged fingerprints without obtaining prior, written consent (*id.* ¶¶ 77, 82–83); and (3) disclosing the alleged fingerprints to a third party without obtaining prior, written consent (*id.* ¶¶ 87, 92–93).  Walmart denies each and every one of these allegations.

I.  **DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332**

6.  The Court has jurisdiction over this putative class action under 28 U.S.C. § 1332(d).

7.  The Class Action Fairness Act ("CAFA") "expands jurisdiction for diversity class actions by creating federal subject matter jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ('minimal diversity'); and (3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate." *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).  "To meet this burden, a defendant seeking to remove to federal court must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Id.*  (quoting 28 U.S.C. § 1446(a)).  This case satisfies each element under CAFA and Walmart meets the burden for removal.

8.  First, the putative class contains 100 or more individuals.  The Complaint alleges that "[w]hen Defendant hires an employee, . . . he or she is enrolled in its employee database(s) using a scan of his or her fingerprint"; and that "Defendant uses the employee database(s) to monitor the time worked by its employees." (Compl. ¶ 2.)  The Complaint further alleges that "Defendant uses an employee time tracking system that requires employees to use fingerprints as a means of authentication"; and that "[i]n accordance with Defendant's policy, its employees are required to use their fingerprints to clock-in and clock-out, recording their time worked." (*Id.* ¶

34.) The Complaint defines the putative class as "[a]ll individuals working for Walmart in the State of Illinois who had their finger and/or fingerprint scanned, collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (*Id.* ¶ 57.) Walmart alleges that during the applicable period the number of persons it has employed in Illinois whose time worked has been tracked by Walmart's employee timekeeping system exceeds 1,000 individuals.

9. Second, minimal diversity is satisfied. Plaintiff is alleged to be a citizen of the State of Illinois. (Compl. ¶ 15.) Walmart is incorporated in the State of Delaware and maintains its principal place of business in the State of Arkansas.[1]

10. Third, the amount in controversy exceeds $5 million. Plaintiff and the putative class allege that Walmart intentionally and/or recklessly violated BIPA. (Compl. ¶¶ 75, 85, 94.) An intentional or reckless violation of BIPA carries with it a $5,000 statutory penalty. 740 ILCS 14/20(2). Given that the putative class contains more than 1,000 individuals, the amount in controversy in this case exceeds $5 million.

11. Accordingly, this Court has subject matter jurisdiction over this case because the putative class contains more than 100 individuals, Plaintiff and Walmart are citizens of different states and thus minimally diverse for purposes of CAFA, and the amount in controversy exceeds $5 million.[2]

## II. VENUE

12. Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the State Court Action, pending in the Circuit Court of Cook County, is within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

---

[1] The Complaint erroneously alleges that Walmart "is a citizen of Illinois" and that "its principal place of business is in Illinois." (Compl. ¶ 17.)

[2] Walmart disputes that Plaintiff or the putative class can satisfy the requirements of Federal Rule of Civil Procedure 23 and disputes that Plaintiff's claim can be maintained as a class action.

### III.  NOTICE

13.  Walmart will provide written notice of the filing of this Notice of Removal to Plaintiff and to the clerk of the Circuit Court of Cook County.  28 U.S.C. § 1446(d).

WHEREFORE, Walmart hereby removes this action to this Court based on the grounds stated above.

Dated: November 24, 2021

By: /s/ Robert E. Earles
      Robert E. Earles

ROBERT E. EARLES (6308936)
(rearles@cooley.com)

COOLEY LLP
444 W. Lake Street, Suite 1700
Chicago, IL 60606
Telephone: +1 312 881 6500
Facsimile: +1 312 881 6598

MICHAEL G. RHODES*
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN*
(wsomvichian@cooley.com)
KYLE C. WONG*
(kwong@cooley.com)
ANUPAM DHILLON*
(adhillon@cooley.com)

COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

*Attorneys for Defendant*

*\*Pro Hac Vice Forthcoming*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the forgoing

Defendant Walmart Inc.'s Notice of Removal was served on November 24, 2021 via the Court's

ECF system to all counsel of record.

<u>/s/ Robert E. Earles</u>